**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3163-16T4

IN THE MATTER OF JESSICA
GARCIA, UNION CITY,
DEPARTMENT OF PUBLIC
SAFETY.

_____

Argued September 26, 2018 – Decided June 19, 2019

Before Judges Fuentes, Accurso and Moynihan.

On appeal from the New Jersey Civil Service Commission, Docket No. 2015-401.

Joseph William Tartaglia argued the cause for appellant Jessica Garcia (Caruso Smith Picini, PC, Timothy Richard Smith, of counsel; Steven J. Kaflowitz, on the brief).

Juan Carlos Fernandez argued the cause for respondent Union City Department of Public Safety (O'Toole Scrivo Fernandez Weiner Van Lieu, LLC, attorneys; Kenneth B. Goodman, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent Civil Service Commission (Pamela N. Ullman, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Jessica Garcia appeals from the Final Decision of the Civil Service Commission (Commission) upholding the decision of the City of Union City (City) to terminate her employment as a police officer, effective July 1, 2014. The Commission's decision was memorialized in a Final Administrative Action dated February 27, 2017. After considering the record developed and the evidence presented by the parties at an evidentiary hearing held before an Administrative Law Judge (ALJ), the Commission adopted the ALJ's Initial Decision in which she found the City proved, by a preponderance of the evidence, that appellant: (1) engaged in conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); (2) was insubordinate by failing to follow and carry out a lawful order of a superior officer, N.J.A.C. 4A:2-2.3(a)(2); and (3) neglected her duty by failing to properly secure her service weapon, N.J.A.C. 4A:2-2.3(a)(7).

Appellant argues the Commission erred in adopting the ALJ's Initial Decision because the record developed at the evidentiary hearing does not contain competent evidence to support the City's action to terminate her employment as a police officer. We reject this argument and affirm. We gather the following facts from the record developed before the ALJ.

I

At all times relevant to this case, appellant resided in Monroe Township, Middlesex County, with Corey Corbo, a fellow Union City police officer. On the evening of June 11, 2014, Monroe Township Police Officer Jamey DiGrazio responded to appellant's residence in response to an emergency first aid call of an unconscious, unresponsive man who appeared to be in cardiac distress. By the time DiGrazio arrived, paramedics were in appellant's bedroom providing medical assistance to a man who was later identified as Corey Corbo. Appellant was also present.

At the hearing before the ALJ, DiGrazio testified appellant told him Corbo "had done a bump of cocaine about five days ago." She also told DiGrazio that Corbo and she were Union City police officers and asked him not tell anyone about this incident. DiGrazio denied appellant's request and informed the paramedics of Corbo's alleged ingestion of cocaine and documented appellant's improper request in his incident report. When questioned by appellant's counsel, DiGrazio conceded he did not find any illicit drugs in the residence and did not ask appellant how she knew Corbo had used cocaine. Monroe Township Police Detective Sergeant Keith Saloom testified he directed DiGrazio to forward a

copy of the incident report to the Internal Affairs Bureau of the Union City Police Department.

Union City Police Chief Richard Molinari testified that in June 2014, he was "informed" emergency medical staff had responded to appellant's residence to provide medical aid to Corbo. According to Molinari, appellant was listed as "the reporting party." Molinari also became aware that appellant told the Monroe Township Police Department that Corbo had done a "bump of cocaine." As part of Molinari's testimony, the ALJ admitted into evidence a copy of a report prepared by the Monroe Township Police Department dated "around" June 13, 2014. Molinari also testified that he "was informed" that Corbo was hospitalized on June 12, 2014.

Based on the information available to him at the time, Molinari testified he believed he had "reasonable suspicion" to order appellant to take a drug screening test. However, before ordering appellant to submit to such a test, he contacted the Hudson County Prosecutor's Office (HCPO) to confirm he had the authority to proceed in this fashion. An Assistant Prosecutor with the HCPO agreed with Molinari that under these circumstances, he had the authority as the Chief of Police to order appellant to submit to a drug test. Molinari ordered

Lieutenant Ramon Vasquez to contact appellant and order her to report to the Union City Police Department.

Lieutenant Vasquez carried out Chief Molinari's instructions as ordered. Chief Molinari testified appellant was aware of his order, understood she was required to obey it, and made repeated assurances "she was on her way." However, appellant did not report as ordered. Molinari also testified that Captain Nichelle Luster contacted appellant and personally ordered her to report for a drug test. Captain Luster later informed Chief Molinari that appellant had "voluntarily" admitted herself into an inpatient substance abuse rehabilitation facility.

Captain Luster testified appellant telephoned her at approximately seven o'clock that evening, crying. Luster testified she made clear to appellant a number of times that she was required to report and submit to a drug test. According to Luster, appellant was very emotional and abruptly hung up the phone crying. Appellant did not report nor take the drug test as ordered. On June 14, 2014, Corbo's former wife called Captain Luster and informed her that she had found a loaded handgun in a duffle bag on the floor of Corbo's hospital room. In response to Chief Molinari's order, Luster recovered the handgun. The serial number on the handgun established it was registered to appellant. The

record shows appellant did not file a report disclosing that the weapon was missing.

Appellant testified in her own defense. She denied placing her service weapon in the duffle bag and did not know how it ended up there. However, appellant admitted: (1) she was aware of Chief Molinari's order directing her to report to the police station to submit to a drug test; (2) she knowingly did not report as ordered; (3) she asked a fellow Union City police officer how long cocaine stayed in a person's system; and (4) she voluntarily admitted herself into an inpatient substance abuse rehabilitation facility because she was abusing prescription medication.

Based on these uncontested facts and the nature of the disciplinary infractions, the ALJ found the City presented sufficient competent evidence to support its decision to terminate appellant's employment as a police officer. The ALJ found: (1) appellant attempted to conceal the use of illicit drugs by a fellow police officer; (2) Chief Molinari had reasonable suspicion to order appellant to submit to a drug test; (3) appellant knowingly disobeyed Chief Molinari's order to report to the Union City Police Department to submit to a drug test; and (4) appellant knowingly, grossly negligently, or recklessly failed to secure her loaded service weapon. Based on these findings, the ALJ concluded the City

proved, by a preponderance of the evidence, that appellant was insubordinate, N.J.A.C. 4A:2-2.3(a)(2), engaged in conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6), and neglected her duty to secure her service weapon, N.J.A.C. 4A:2-2.3(a)(7).

## II

As an appellate court, we will overturn a State administrative agency's decision only if it is arbitrary, capricious, or unreasonable. Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980). Our inquiry is limited to determining:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [In re Carter, 191 N.J. 474, 482 (2007) (quoting Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)).]

Finally, although we are not bound by an administrative agency's purely legal determination, Francois v. Bd. of Trs., Pub. Emps. Ret. Sys., 415 N.J. Super. 335, 348 (App. Div. 2010), we defer to the agency's interpretations of the statutes and the implementing regulations it administers, unless such

A-3163-16T4

interpretation is "plainly unreasonable." In re Election Law Enf't Comm'n Advisory Op. No. 01-2008, 201 N.J. 254, 260 (2010).

Here, the uncontested evidence supports the Commission's decision to uphold the City's action terminating appellant's employment as a police officer. Appellant attempted to conceal a fellow police officer's illicit drug use as well as her own addiction to prescription medication. She knowingly disobeyed a direct order from the Police Chief and failed to take basic measures to safeguard her loaded service handgun. Appellant's belated attempts to address her substance abuse problem were insubordinate and do not mitigate her pattern of misconduct.

We have affirmed the termination of a police officer's employment for infractions that went to the heart of the officer's ability to be trusted to function appropriately in his or her position. Cosme v. E. Newark Twp. Comm., 304 N.J. Super. 191, 206 (App. Div. 1997). Appellant's blatant disregard of the rules governing her conduct goes to "the heart" of her ability to function as a police officer. We discern no legal basis to disturb the Commission's decision upholding the termination of appellant's employment as a police officer.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-3163-16T4